In the Matter of DAVID STEVEN GENSER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 9, 1992

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Westbury *(Nancy Bolger* of counsel), for petitioner.

*Harvey L. Greenberg,* New York, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with three allegations of professional misconduct. Charge One alleges that the respondent neglected the duties and obligations imposed upon him as attorney. In or about May 1987 a client consulted with the respondent at his law office with regard to a problem of back taxes allegedly owed to the Internal Revenue Service. At this initial consultation, the client gave the respondent a check in the amount of $750 towards the respondent's legal fee. On or about May 13, 1987, the respondent had a telephone conversation with his client, wherein the respondent instructed his client to come to his office as soon as possible and to bring with him a check in the amount of $500, plus an additional $6,500 in cash, to be paid to the respondent as his legal fee.

On or about May 19, 1987, the client met with the respondent at the respondent's office, at which time he gave the respondent a check for $500, plus an additional $6,500 in cash, as requested. No written retainer agreement or receipt was ever provided to the client by the respondent. During the aforementioned meeting on May 19, 1987, the respondent returned the original check for $750 to his client, and instructed him to destroy the check. Subsequent to May 19, 1987, the respondent instructed his client to confer with another attorney recommended by the respondent, for the purpose of filing a petition in bankruptcy.

On or about July 7, 1987, the respondent's client met with the other attorney and signed a retainer agreement, the terms of which provide for a legal fee to said attorney in the amount of $910, plus $90 in disbursements, for a total payment of $1,000. The aforementioned fee plus disbursements in the amount of $1,000 was paid to the other attorney by the respondent on or before July 7, 1987.

From on or about May 19, 1987 to August 19, 1987, the respondent failed to answer his client's repeated telephone inquiries regarding the status of his legal matter, as well as his client's request for a receipt for the $6,500 cash payment. On or about August 19, 1987, the client and his daughter appeared at the respondent's office for a meeting previously arranged by appointment. At that time the client and his

daughter were advised by the respondent's receptionist that the meeting had been cancelled, and the respondent was unavailable. The respondent then appeared briefly, but refused to discuss the legal matter or provide his client with a receipt for the cash fee previously paid. From on or about August 19, 1987 through November 1987, the respondent failed to respond to the repeated inquiries by his client, requesting the status of his legal matter or a receipt for his cash payment to the respondent. In or about February 1988, the respondent's client filed a complaint with the Grievance Committee for the Tenth Judicial District. In or about September 1988, the respondent refunded to his client the sum of $6,300.

From on or about May 19, 1987 through September 1988, the respondent neglected the legal matter entrusted to him and failed to perform any legal services on his client's behalf concerning his underlying tax problem.

Charge Two alleges that the respondent engaged in over-reaching and charged a clearly excessive and unconscionable legal fee with respect to a legal matter entrusted to him referred to in Charge One. The respondent knew or should have known that the legal fee of $7,000 exacted from his client was clearly excessive and unconscionable in light of the services rendered and under all circumstances.

Charge Three alleges that the respondent knowingly made false and misleading statements to the Grievance Committee during the course of its investigation of the complaint which forms the basis of Charges One and Two. On or about March 16, 1988, the Grievance Committee received a letter from the respondent dated March 14, 1988, which constituted his answer to the grievance complaint previously filed against him. In said letter dated March 14, 1988, the respondent falsely stated to the petitioner that his client had paid him no more than the sum of $3,000. The respondent knew or should have known that the aforesaid representation contained in his letter to the Committee dated March 14, 1988, was false and misleading, inasmuch as, in truth and in fact, the respondent had received $7,000 from his client.

The Special Referee sustained the three charges of misconduct. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee.

We find, based on the evidence, that the respondent ne-

glected his client's case and failed to communicate with this same client. We also find that the respondent engaged in overreaching, charged a clearly excessive and unconscionable fee, and knowingly made false and misleading statements to the Grievance Committee. The respondent is guilty of the misconduct charged. The petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion to disaffirm the report of the Special Referee is denied.

In determining an appropriate measure of discipline to be imposed, we have considered that the respondent has refunded all sums to the complainant. Nevertheless, the respondent is guilty of professional misconduct and the respondent is therefore suspended from the practice of law for a period of one year, commencing December 14, 1992.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent David Steven Genser is suspended from the practice of law for a period of one year, commencing December 14, 1992, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period of one year, should he be so advised, upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent David Steven Genser is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court,

Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.